## In re Charles SPINA.

### No. 91–1358.

United States Court of Appeals, Federal Circuit.

Sept. 15, 1992.

David V. Trask, Trask, Britt & Rossa, of Salt Lake City, Utah, submitted for appellant.

Fred E. McKelvey, Solicitor, Office of the Solicitor, of Arlington, Va., submitted for appellee. With him on the brief were John

W. Dewhirst and Jameson Lee, Associate Solicitors. Of counsel was Richard E. Schafer.

Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.

NEWMAN, Circuit Judge.

Charles Spina appeals the April 26, 1991 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences in patent application Serial No. 164,-333, filed March 4, 1988, entitled "Handle For Surgery Lamp".[1] We reverse the rejection of claim 13, the only claim at issue.

### Background

The invention is a detachable, sterilizable, multi-part handle that is adapted to manipulate an overhead operating room light. Spina's claim 13 was copied from claim 1 of United States Patent No. 4,844,-252, filed July 27, 1988 and issued on July 4, 1989 to Barron et al. ("the Barron patent"), in order to provoke the declaration of an interference proceeding in accordance with 35 U.S.C. § 135:

13. A sterilizable multi-part handle for attachment to a handle receiving fitting on a medical surgery room light fixture, said handle comprising:

a handle body having a body grip portion and a head portion to engage said fitting;

a disc separate from said handle and having a central aperture within a surrounding annular web; and

connecting means associated with said handle body head portion and said disc aperture for mounting said disc to said handle body preparatory to mounting said handle to said light fixture.

Figures 1, 3 and 5 from Spina's patent drawings are reproduced below:

FIG.1    FIG.3    FIG.5

Figure 1 illustrates a handle 10 having a grip portion 11, a threaded upper head portion 15, to engage the handle receiving fitting of a surgical light, and a lip 14 with a hexagonal outer periphery. Figure 3 illustrates a disc 17 having a central aperture 18. Figure 5 illustrates a completed handle assembly in which the disc 17 has been placed over the threaded head portion 15 so as to contact the lip 14.

1. *Ex parte Spina,* Appeal No. 90–2413 (Bd. Pat.    App. & Interf. Apr. 26, 1991).

Spina describes the disc 17 as having a central aperture 18 that is of sufficient diameter to allow the disc to pass over the threaded head portion 15, but not large enough to pass over the hexagonal lip 14 separating the head portion from the handle body. Spina states that the

disc 17 [is] mounted on the lip 14, the hole 18 being such that the disc fits snugly over the threaded portion 15, the fit being such that the disc is stable but not difficult to place it in and to remove it from the position shown in Figure 5.

The Board, affirming the examiner, held that Spina's specification did not contain an adequate written description of the claim clause "connecting means associated with said handle body head portion and said disc aperture". Spina argued that the relatively snug relationship between the disc and threaded head portion, in conjunction with the hexagonal lip, provides a means for connecting the disc to the handle body. The Board disagreed, reasoning that this clause, as it is used in the Barron patent, requires structural components in addition to the handle body head portion and disc aperture. The Board found that Spina's invention, as described in his specification, does not describe such additional structure, and opined that Spina's hexagonal lip, considered alone or in conjunction with the head portion and disc aperture, did not constitute a connecting means. Thus claim 13 was rejected for failure to comply with 35 U.S.C. § 112.[2]

■ When interpretation is required of a claim that is copied for interference purposes, the copied claim is viewed in the context of the patent from which it was copied. *DeGeorge v. Bernier*, 768 F.2d 1318, 1322, 226 USPQ 758, 761 (Fed.Cir. 1985) (if claim language is ambiguous "resort must be had to the specification of the patent from which the copied claim came"). Figures 2, 6, and 7 from the Barron patent follow:

Figure 2 illustrates a completed handle assembly 10 having a handle body 11, a grip portion 12, a threaded head portion 13, and a seating flange 25, wherein the disc 14 is placed over the threaded head portion 13 so as to contact the seating flange 25. Figure

**2.** 35 U.S.C. § 112 ¶ 1 provides in relevant part:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same....

6 is a side detail section view of the interface between the disc and the seating flange, illustrating an annular protuberance 27 over which the disc passes, the disc then being positioned in a disc receiving groove 26. Figure 7 provides a top detail view of disc/seating flange interface, illustrating detents 32 on the inner periphery of the disc 14.

The Board observed that the Barron patent describes a connecting means having a snap fit connection, which encompasses more than the "resting flange 25 (which corresponds to [Spina's] lip 14) and the relatively snug relationship between the disc aperture and the handle body head portion". *Ex parte Spina*, slip op. at 5. The snap-fit requires an additional annular protuberance 27, a plurality of detents 32 on the inner periphery of the disc aperture, and a disc receiving groove 26 in the handle body head portion. The Board held that when viewed in light of the Barron disclosure, Spina's disclosure is deficient in its provision of a structurally distinct connecting means.

## Discussion

The description requirement of 35 U.S.C. § 112 is the same for a claim copied for purposes of instituting an interference as for a claim presented during *ex parte* prosecution of a patent application. As stated in *In re Smith*, 481 F.2d 910, 178 USPQ 620 (CCPA 1973):

Satisfaction of the description requirement insures that the subject matter presented in ... a claim subsequent to the filing date of the application was sufficiently disclosed at the time of filing so that the prima facie date of invention can fairly be held to be the filing date of the application. This concept applies whether the case factually arises out of an assertion of entitlement to the filing date of a previously filed application under § 120 ... or arises in the interference context wherein the issue is support for a count in the specification of one or more of the parties ... or arises in an ex parte case involving a single application, but where the claim at issue was filed subsequent to the filing of the application....

*Id.* at 914, 178 USPQ at 623–24 (citations omitted). *See also Vas–Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1562, 19 USPQ2d 1111, 1115–16 (Fed.Cir.1991) (citing *In re Smith* ). Whether the specification contains a written description of the claimed invention is a factual inquiry, reviewed for clear error. *Utter v. Hiraga*, 845 F.2d 993, 998, 6 USPQ2d 1709, 1714 (Fed.Cir.1988). Spina's specification "must be sufficiently clear that persons of skill in the art will recognize that [he] made the invention having those limitations." *Martin v. Mayer*, 823 F.2d 500, 505, 3 USPQ2d 1333, 1337 (Fed.Cir.1987).

The Board found that the Barron patent described as "connecting means" a seating flange in conjunction with an annular protuberance, a plurality of detents on the inner periphery of the disc aperture, and a disc receiving groove in the handle body head portion. Spina's connection relied on a snug relationship between the disc aperture and head portion, in conjunction with the hexagonal lip. The Board found that Spina's hexagonal lip, considered alone or in conjunction with the head portion and disc aperture, was not a connecting means, even when this term was given its broadest reasonable interpretation. The Board concluded that Spina did not provide clear support for a "connecting means associated with said handle body head portion and said disc aperture".

The Board's finding is not correct. Interpreting Barron's claim in light of Barron's specification, Barron did not provide significantly different support for this clause than does Spina. Both inventors viewed the claim's connecting means limitation and used the claim term in the same way. The Barron specification described a connecting means which included a seating flange on the handle body. Spina described a hexagonal lip on the handle body. "Flange" and "lip" are but different names for the same element. Indeed, the Board stated that the Barron seating flange "corresponds to [Spina's] lip". Thus if Barron's seating flange is viewed as constitut-

ing additional structure, providing support for the connecting means of the claim, then Spina's hexagonal lip also constitutes additional structure, providing support for the connecting means of the claim. A claim is not interpreted one way in light of the specification in which it originally was granted, and another way in light of the specification into which it is copied as a proposed interference count. Whether the Barron patent also described further structure beyond the seating flange is not material on the facts of this case, for the claim that was copied is not fairly interpreted as requiring the additional structure disclosed by Barron.

The Board's interpretation of the "connecting means" clause was unduly restricted, for 35 U.S.C. § 112, sixth paragraph, requires that a means clause be construed to cover the corresponding structure described in the specification and equivalents thereof. This the Board did not do, for the Board considered only the precise structures shown by Barron and by Spina. Thus the Commissioner construed the claims more narrowly than the statute requires.

We conclude that the Board clearly erred in holding that Spina failed to provide sufficient written description of the subject matter of claim 13 in accordance with 35 U.S.C. § 112, first paragraph.

### The Renewed Motion for Remand

The Commissioner moved to remand these proceedings to the Board for further examination, the Commissioner stating the intention to reject Spina's copied claim 13 in view of a certain new reference. This reference is also being applied, we are told, against the Barron claims, in Commissioner-ordered reexamination. The motion was denied. *In re Spina*, No. 91–1358 (Fed.Cir. Oct. 21, 1991) (order and opinion) (unpublished). This renewed motion for remand is denied for the reason previously set forth; that is, the issue appealed is independent of the new issue raised by the Commissioner.

*Conclusion*

The Board erred in rejecting claim 13 for failure to comply with 35 U.S.C. § 112.

REVERSED.