# United States Court of Appeals for the Federal Circuit

2009-1222
(Interference No. 105,602)


JONES J. ROBERTSON and ROBERT M. CURRIE,

Appellants,

v.

JOS TIMMERMANS and JEAN C. RAYMOND,

Appellees.


Alton W. Payne, Matthews, Lawson & Bowick, PLLC, of Houston, Texas, argued for appellants.  With him on the brief were Guy E. Matthews and Robert M. Bowick.

Thomas N. Young, Young Basile Hanlon & MacFarlane, P.C., of Troy, Michigan, argued for appellees.  On the brief was Christian J. Garascia.


Appealed from:  United States Patent and Trademark Office
                Board of Patent Appeals and Interferences

# United States Court of Appeals for the Federal Circuit

2009-1222
(Interference No. 105,602)

JONES J. ROBERTSON and ROBERT M. CURRIE,

Appellants,

v.

JOS TIMMERMANS and JEAN C. RAYMOND,

Appellees.

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

_____

DECIDED:  May 5, 2010

_____

Before LINN, PLAGER, and DYK, <u>Circuit Judges</u>.

PLAGER, <u>Circuit Judge</u>.

This case presents once again the issue of which patent disclosure in an interference proceeding should be used to construe claims copied by one party from another party's patent or patent application when the claims are the subject of a written description challenge.  In this case, Jos Timmermans and Jean C. Raymond (collectively, "Timmermans") provoked an interference by copying claims into their patent application from a patent issued to Jones J. Robertson and Robert M. Currie (collectively, "Robertson").  During the interference proceeding before the Board of Patent Appeals and Interferences ("Board"), Robertson filed substantive preliminary

motions alleging that the copied claims were unpatentable for lack of written description support as required by 35 U.S.C. § 112, ¶ 1. The Board denied the motions and ultimately cancelled claims of Robertson's patent because the Timmermans application had priority. Because the Board erred in construing Timmermans's claims in view of Timmermans's disclosure rather than Robertson's disclosure, we vacate the Board's decision and remand for further proceedings consistent with this opinion.

BACKGROUND

Robertson's patent, U.S. Patent No. 6,860,628 ("'628 patent" or "Robertson patent"), relates to light-emitting diode ("LED") replacement tubes for conventional fluorescent light tubes. The '628 patent issued on March 1, 2005, and has a priority date of July 17, 2002, the filing date of Robertson's patent application.

The Timmermans patent application involved in the interference is U.S. Patent Application No. 11/085,744 ("'744 application" or "Timmermans application"), filed on March 21, 2005. Timmermans claims priority to a parent application, filed on February 12, 2001, and a provisional application, filed on February 11, 2000.

To provoke an interference, Timmermans copied claims 1 and 4 of Robertson's patent into the '744 application as claims 8 and 9. In October 2007, the United States Patent and Trademark Office ("PTO") declared an interference under 35 U.S.C. § 135(a). Because the Timmermans application claims the benefit of an earlier filing date than Robertson's filing date, the Board identified Timmermans as the senior party and Robertson as the junior party.

The Board formulated one count for the interference, identical to claim 1 of the Robertson patent and claim 8 of the Timmermans application. The count reads:

1. An LED lighting unit for replacing a conventional fluorescent tube between the opposed electrical receptacles of a conventional fluorescent lighting fixture, comprising:

a *solid, rigid, translucent rod* having a first end and a second end opposite said first end;

a first end cap disposed upon said first end of said rod, and a second end cap disposed upon said second end of said rod;

a pair of parallel, fluorescent light fixture receptacle connectors extending from each said end cap, and configured for installing within the opposed electrical receptacles of the fluorescent lighting fixture; and

a plurality of LEDs disposed along said rod, in electrical contact with one another and with at least said pair of connectors extending from at least one said end cap.

'628 patent col.14 ll.16-32 (emphasis added). This count corresponds to Robertson's claims 1 and 4 and Timmermans's claims 8 and 9.

During the interference proceedings before the Board, Robertson filed three substantive preliminary motions. In Motion 1, Robertson alleged that Timmermans's claims corresponding to the interference count, claims 8 and 9, are unpatentable for lack of written description support as required by 35 U.S.C. § 112, ¶ 1. Relevant to this appeal, Robertson contended that the Timmermans application does not provide an adequate written description of the claimed "solid, rigid, translucent rod." In Motion 2, Robertson alleged that Timmermans is not entitled to priority based on his earlier parent application and provisional application because those applications lack sufficient written description for the subject matter of the interference count. This was essentially the same argument made in Motion 1 because all the Timmermans applications have the same written description. Robertson's Motion 3 is not at issue in this appeal.

The Board denied all of Robertson's motions in a November 2008 decision.[1] A central issue with respect to Motions 1 and 2 was the meaning of the term "solid" when

---

[1] Robertson v. Timmermans, Patent Interference No. 105,602 (B.P.A.I. Nov. 21, 2008) ("Board Decision").

used to modify "rod." Timmermans argued that the term means the rod is in its solid physical state and not its liquid or gaseous state; Robertson argued that it means the rod is "an object that is continuous, full of matter, and not hollow within the general outlines of its shape." To determine the correct construction of Timmermans's claims 8 and 9, the Board applied 37 C.F.R. § 41.200(b), a PTO regulation governing claim construction in interference proceedings. Under that rule, a "claim shall be given its broadest reasonable construction *in light of the specification of the application or patent in which it appears.*" 37 C.F.R. § 41.200(b) (2009) (emphasis added). Thus the Board looked to Timmermans's written description, which does not use the term "solid" to describe or refer to anything. As the Board noted, Timmermans "discloses only a light tube embodiment with a hollow bulb portion within which LEDs are disposed and nowhere discusses or refers to an embodiment which does not position LEDs within a hollow and translucent structure."[2] The Board concluded that the broadest reasonable construction of "solid" in light of the Timmermans specification is that "the rod is in its solid physical state rather than its liquid or gaseous state."[3] Given this claim construction, the Board found that Robertson failed to show that claims 8 and 9 were unpatentable for lack of written description support as required by § 112, ¶ 1.

Robertson did not allege a date of conception or reduction to practice earlier than the benefit dates accorded to Timmermans. Therefore, as the Board stated, there was

---

[2]    Board Decision at 12.
[3]    Id. at 16.

no need for a priority motions phase in the interference. The Board accordingly entered judgment against Robertson and cancelled claims 1 and 4 of the '628 patent.[4]

Robertson filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141.

DISCUSSION

Since the Board's November 2008 decision, this court has twice addressed the issue presented by this case: When a patent applicant copies claims from another application or patent to provoke an interference, and those claims are the subject of a written description challenge during the interference, which disclosure should be used to construe the claims? Our cases now clearly hold that "when a party challenges written description support for an interference count or the copied claim in an interference, *the originating disclosure provides the meaning of the pertinent claim language*." Agilent Techs., Inc. v. Affymetrix, Inc., 567 F.3d 1366, 1375 (Fed. Cir. 2009) (emphasis added); see also Koninklijke Philips Elecs. N.V. v. Cardiac Sci. Operating Co., 590 F.3d 1326, 1335 (Fed. Cir. 2010) (quoting Agilent).

In Agilent, we examined two prior decisions of this court, In re Spina, 975 F.2d 854 (Fed. Cir. 1992), and Rowe v. Dror, 112 F.3d 473 (Fed. Cir. 1997). Spina involved an appeal from an examiner's rejection of a claim for lack of written description support. We held that the claim, which had been copied from an issued patent in an attempt to provoke an interference, should be "viewed in the context of the patent from which it was copied." Spina, 975 F.2d at 856. Rowe involved an interference in which claims

---

[4]   Robertson v. Timmermans, Patent Interference No. 105,602 (B.P.A.I. Nov. 21, 2008) ("Judgment"). The Board at first mistakenly cancelled all claims of the '628 patent. The text was corrected to cancel only claims 1 and 4 in an erratum dated December 16, 2008.

copied from one party's patent into the other party's application were the subject of a motion for invalidity based on prior art. We held that the Spina rule did not apply, but instead the claims should be interpreted in light of their host disclosure, just as they would during *ex parte* prosecution. Rowe, 112 F.3d at 479.

Agilent clarified that in interference proceedings, the Spina rule applies when a claim copied from another party's patent or application is challenged for lack of written description requirement support under § 112, ¶ 1, and the Rowe rule applies when the copied claim's validity under 35 U.S.C. § 102 or § 103 is challenged. Agilent, 567 F.3d at 1375. That is, the Board must interpret the copied claim in view of the originating disclosure for a written description challenge, and the Board must interpret the copied claim in view of the host disclosure for a validity challenge based on prior art. Id.; see also Philips, 590 F.3d at 1335.

Agilent also made clear that 37 C.F.R. § 41.200(b), under which a claim is always interpreted in view of the host disclosure, does not apply in an interference proceeding when one party makes a written description challenge to a claim that another party has copied in order to provoke the interference. See Philips, 590 F.3d at 1336; Agilent, 567 F.3d at 1375. We observe that on April 15, 2010, the PTO cancelled 37 C.F.R. § 41.200(b) and expressly stated that the Board will construe claims in an interference proceeding in a manner consistent with Agilent. See Cancellation of Rule of Practice 41.200(b) Before the Board of Patent Appeals and Interferences in Interference Proceedings, 75 Fed. Reg. 19,558 (Apr. 15, 2010).

In the case before us, the Board, without the benefit of this court's decisions in Agilent and Philips, construed the term "solid, rigid, translucent rod" in Timmermans's

claims 8 and 9 in light of the Timmermans written description. This was erroneous as a matter of law. Because Timmermans copied the claims from the Robertson patent, the Board should have construed the claims in view of the Robertson disclosure for purposes of Robertson's motion alleging that the claims were unpatentable for lack of written description under § 112, ¶ 1.

Timmermans argues that the Board's failure to apply the Spina rule is immaterial because both parties relied on common dictionary definitions of "solid" without reference to either written description. The Board, however, did not simply choose between the parties' competing definitions. Faced with two alternative common meanings, the Board found it necessary to consult the specification to determine the proper claim construction. Applying 37 C.F.R. § 41.200(b), the Board erroneously looked to the Timmermans disclosure rather than the Robertson disclosure.

Timmermans further contends that we can affirm the Board's decision because the Board's claim construction is consistent with Robertson's disclosure as well as Timmermans's disclosure. At the same time, Robertson urges us to construe the claims in his favor in view of the disclosure in the Robertson patent, find that the Timmermans application does not provide sufficient written description support for claims 8 and 9 as properly construed, and conclude there was no interference-in-fact between the Robertson patent and the Timmermans application.

Because the Board issued its decision prior to Agilent, we think the better course is to give the Board the opportunity to apply the correct law rather than decide these issues ourselves in the first instance. On remand, the Board should construe Timmermans's claims 8 and 9 in light of the Robertson patent and then determine

whether the claims, properly construed, have sufficient written description support in the Timmermans application.

Accordingly, we vacate the Board's decision, including its cancellation of claims 1 and 4 of the '628 patent and its denial of Robertson's Motions 1 and 2 on the ground that claims 8 and 9 of the '744 application are unpatentable for lack of written description support as required by § 112, ¶ 1, and remand for further proceedings as described herein.

## CONCLUSION

## VACATED and REMANDED

## COSTS

Each party shall bear its own costs.